**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERONICA MCMILLIN,<br><br>                    Plaintiff,<br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>                    Defendant. | 3:15-cv-00222-HDM-VPC<br><br>**ORDER** |

Before the court is Veronica McMillin's ("plaintiff") motion for attorney's fees and costs (ECF No. 17) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Social Security Commissioner ("defendant") filed an opposition. (ECF No. 18.) For the reasons discussed below, plaintiff's motion is denied.

## I.  BACKGROUND

On April 21, 2015, plaintiff filed a complaint (ECF No. 1) for judicial review of defendant's denial of her application for Social Security Disability Insurance benefits. The undersigned entered a Report and Recommendation (ECF No. 14) on March 22, 2016 in favor of plaintiff. District Judge Howard D. McKibben adopted and accepted the report and recommendation on June 14, 2016 (ECF No. 15), remanding the matter to the Social Security Administration for further proceedings. On September 14, 2016 plaintiff moved for fees and costs in the amount of $3,714.34. (ECF No. 17 at 3.) Counsel for plaintiff requests that the award be made payable to him. (*Id.*)

## II.  DISCUSSION

The EAJA provides attorney fees to the prevailing party in an action seeking review of an adverse Social Security benefits determination, unless the government's position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). An EAJA award must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424,

434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). To determine reasonableness, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley*, 461 U.S. at 433–34, *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). A reasonable attorney's fee is then calculated according to the "lodestar" amount, which equals the number of hours reasonably expended multiplied by a reasonable hourly rate. *Costa v. Comm'r of Soc. Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012).

There is no question that plaintiff is a prevailing party. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded."). In her motion, plaintiff contends that defendant's position was not substantially justified. (ECF No. 17 at 2.) Defendant concedes this point, as she presents no argument to the contrary. *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust.")

However, defendant does dispute the amount of costs and fees incurred. (*See* ECF No. 18 at 2-4.) A party seeking fees under the EAJA must provide a statement of the amount sought, with an accompanying itemization from an attorney "stating the actual time expended and the rate at which fees and other expenses were computed." § 2412(d)(1)(B). The "itemized statement" must be sufficiently detailed to show "specific tasks performed." *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed. Cir. 1987). Plaintiff fails to supply the required supporting documentation. *See Kilmurray v. Barnhart*, 60 Fed.Appx. 128, 129 (9th Cir. 2003) ("An [EAJA] award… necessitates computation based upon an itemized statement." As such, the court cannot determine whether the hours spent on plaintiff's case were reasonable or if the work completed was excessive or redundant. Accordingly, the motion is denied.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion for fees and costs (ECF No. 17) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may file an amended EAJA fee application by January 20, 2017, which shall include a detailed itemization of all costs and expenses accrued. Defendant shall have until February 3, 2017 to respond to the amended EAJA fee application. Plaintiff shall have until February 13, 2017 to reply to defendant's response.

**DATED:** January 4, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**